# EXHIBIT 1

# EXHIBIT 1

Superior Court of California
County of Butte
3/8/2021
Kimberly Flener, Clerk
By _____ Deputy
Electronically FILED

JOSEPH A. WEST, SBN 218847
LAW OFFICE OF JOSEPH A. WEST
575 E. Locust Avenue, Suite 120
Fresno, California 93720
Tel: (310) 478-0890  Fax: (866) 624-0763  E-mail: josephwest@westlawfirmofcalifornia.com

ROBERT H. ROE, SBN 091041
15651 Dickens Street
No. 104
Encino, CA 91436-3133
Tel: (760) 443-0984  Fax: (818) 235-0172  E-mail: rroe231@gmail.com

Attorneys for plaintiff DOMINIC INVESTMENTS, A California Limited Liability Company,

## SUPERIOR COURT OF THE STATE CALIFORNIA

## FOR THE COUNTY OF BUTTE

| | |
|---|---|
| Dominic Investments, A California LLC, and Roseville Flooring Inc., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Sentinel Insurance Company, LTD, a Connecticut Corporation; The Hartford; and DOES 1 to 10,<br><br>Defendants. | CASE NUMBER: 21CV00516<br><br>COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF:<br><br>1. BREACH OF CONTRACT; AND<br><br>2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, alleges:

1. Plaintiff DOMINIC INVESTMENTS, A California Limited Liability Company, ROSEVILLE FLOORING INC., A California Corporation ("plaintiff") are, and at all relevant times were, a doing business in the County of Butte and their primary place of business is the State of California.

2. At all relevant times, defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD ("Defendants" and "The Hartford"") were and currently are a corporation duly organized and existing under and by virtue of the laws

1
COMPLAINT

of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3. Plaintiffs do not know the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue those defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiffs will amend this Complaint to state the true names and capacities of the fictitiously-named cross-defendants when those names are ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously-named defendants are legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action alleged herein.

4. Plaintiffs are informed and believe and thereon allege that each of the named and fictitious defendants identified in this Complaint was the agent, partner, co-joint venturer, associate and/or employee of one or more of the other defendants and was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the causes of action occurred.

5. At all relevant times, plaintiffs were the owner of a commercial property located at 2525 Dominic Drive, Chico CA 95928 (the "subject property"). At all relevant times during 2018, the subject property was insured for the risk of damage or loss to the structure and personal property under commercial insurance policy number 83 SBA AA5368 (the "policy") issued by defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD and delivered to plaintiffs in Butte County. Payment of benefits under the terms of the contract was intended by the parties to be made to plaintiff in Butte County; therefore, because the location of the subject property and the place of performance of the contract is in Butte County, venue in this Court is proper.

6. Among other things, the policy provided replacement cost coverage up to a stated limit of $3,165,000 for all risks of direct physical loss to plaintiffs commercial building not specifically excluded or excepted under the terms of the policy, including physical loss or damage caused by wildfire smoke, soot and ash. The policy also provided coverage for direct physical loss to plaintiff's personal property up to a stated limit of $1,100,000. The policy further provided coverage for loss of business income due to interruption caused by a stated

loss up to a stated limit. None of the exclusions or limitations set forth in the policy apply to plaintiff's loss described herein.

7. A complete copy of the policy, together with all declarations pages, forms and endorsements, is in the possession of defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD, as required by California law. Defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD are fully aware of all the terms and conditions of the above-referenced policy, and plaintiffs are therefore not required to attach a copy of the insurance policy to this Complaint.

## FIRST CAUSE OF ACTION

### *(Breach of Contract Against SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD Only)*

8. Plaintiffs refer to paragraphs 1 through 7, inclusive, of this Complaint and by such reference incorporate those paragraphs herein as though set forth in full.

9. On or about November 8, 2018, while the policy was in force, plaintiffs suffered damage and loss to the subject property caused by a wildfire that swept through the area. Among other things, plaintiffs' commercial building and personal property contained therein, were inundated with smoke, soot and ash from the wildfire, which contained toxic and unsafe substances. Plaintiffs was forced to close the establishment it operated at the property temporarily.

10. Plaintiffs promptly notified defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD of their claims and otherwise complied with all claim reporting requirements set forth in the policy.

11. Defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD assigned an adjuster to investigate the claim. Plaintiffs gave SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD full access to the damaged building and the damaged personal property, provided

all information requested by SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD during the investigation, and otherwise fully cooperated with SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and THE HARTFORD in its investigation.

12. Defendants failed to conduct a fair, thorough and complete investigation of plaintiffs' claim. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD failed to inspect the damaged building, ignored obvious evidence of smoke damage as well as other evidence submitted by plaintiffs in support of their claims, created false or misleading reports, and asserted incorrect interpretations of policy language to unreasonably justify and unfairly limit the amounts payable on the claims.

13. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD has acknowledged coverage of the claim under the terms of the policy; but the company unreasonably delayed paying and still refuses to pay the full sum of money owed to plaintiffs even though SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD knew such benefits were immediately payable under the terms of its policy.

14. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD breached the terms of its policy by failing and refusing to pay, or unreasonably delaying payment of, contract benefits owed to plaintiffs for the covered losses that occurred on and after November 8, 2018. In addition to unpaid contract benefits described above, plaintiffs have incurred consequential damages in an amount currently unknown. The exact amounts of unpaid contract benefits and consequential damages will be proven at time of trial. Plaintiffs also seek prejudgment interest on the total amount of contract benefits found due and owing from the date of loss through the date judgment is entered in this case.

## SECOND CAUSE OF ACTION

*(Breach of the Implied Covenant of Good Faith and Fair Dealing Against SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and*

THE HARTFORD Only)

15. Plaintiffs refers to paragraphs 1 through 14, inclusive, of this Complaint and by such reference incorporate those paragraphs herein as though set forth in full.

16. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD owed plaintiffs a duty of good faith and fair dealing with respect to all transactions and relationships arising under or related to its policies.

17. In handling the adjustment of plaintiffs' claims as described above, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives elevated the interests of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD above those of plaintiffs and subordinated plaintiffs' interests to those of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD, engaging in unprofessional, wrongful, abusive, fraudulent, unreasonable and tortious conduct with respect to plaintiffs and their claims.

18. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD breached the implied covenant of good faith and fair dealing by, among other things:

    a) Failing to properly, fairly and fully investigate plaintiffs' claims;

    b) Failing to evaluate plaintiffs' claims objectively;

    c) Using unduly restrictive and unreasonable interpretations of the policy as an excuse for denying payment of benefits to plaintiffs;

    d) using improper standards to adjust plaintiffs' claims;

    e) not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claims;

    f) failing to advise plaintiffs of all benefits, coverages, time limits and other

provisions that might apply to plaintiffs' claims under the policy, as required by Title 10 of the California Code of Regulations Chapter 5 section 2695.4 subd.(a).

g) compelling plaintiffs to institute litigation to recover amounts due under the policy.

h) Deliberately denying benefits the company knew were owed under the policy in conscious disregard of plaintiffs' known rights and established California case law.

i) Failing to respond in writing to proofs of claim submitted by plaintiff in the manner and within the time period required by the California Fair Claims Settlement Practices Regulations (10 Cal. Code Regs. sections 2695.1 *et seq.*).

j) Refusing to properly inspect evidence made available by plaintiffs that showed the full extent of fire damage to plaintiffs real and personal property; and

k) Committing promissory fraud by issuing a policy that promised benefits SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD never intended to provide to plaintiffs.

19. As a proximate result of the wrongful and tortious conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives, plaintiffs have suffered legally compensable damages in amounts to be shown at time of trial, including loss of contract benefits, interest thereon, consequential damages and emotional distress caused by the improper handling and nonpayment (or delay in payment) of their claims.

20. As a direct and proximate result of the conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and their representatives, plaintiffs have been required to engage the services of legal counsel and thereby have incurred, and will continue to incur, costs and attorneys' fees in an amount to be determined according to proof. Plaintiffs claim these attorneys' fees as a distinct item of

1  damage pursuant to *Brandt v. Superior Court*, 37 Cal.App.3d 813 (1985), and *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780 (2004).

21. The conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD described above was part of a long-established pattern and practice of the company designed to force claimants to accept less benefits than they would otherwise be entitled to receive under the terms of their policies and to unfairly minimize the financial exposure and risk of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD. Plaintiffs are informed and believe and thereon allege that, prior to their loss, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD instituted various internal programs, which were designed to increase profitability by unfairly minimizing the amounts paid to claimants, lowering the combined loss ratio, and turning the claims department into a company profit center. Plaintiffs are further informed and believes and thereon alleges that SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD instituted various corporate programs and policies, which rewarded claims department personnel (directly and indirectly) with pay raises and promotions if they found ways to minimize or eliminate legitimate payments of benefits owed to claimants. By linking the career success and income of claims department personnel to the results achieved in adjusting individual claims, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD actively and knowingly encouraged its claims department personnel to engage in fraud, unfair conduct and abuse of legitimate claimants such as plaintiffs'.

22. Plaintiffs are further informed and believes and thereon alleges that SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD adopted a practice of denying (or delaying payment of) legitimate claims -- such as the subject claims of plaintiffs -- and to support such denials by attempting to create phony "genuine issues" regarding coverage and contract liability. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD encouraged its consultants and

independent adjusters to submit written reports regarding their investigations that were false and misleading with respect to the cause and/or scope of loss and/or the cost of repairing covered damage to claimants' properties. Such conduct by SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its consultants and independent adjusters violates California Penal Code section 550 as well as other California statutes and regulations.

23. The acts and omissions of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives described above were part of the established corporate practices and procedures of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and were directed, approved or ratified by the management of the company.

24. In doing the acts described in this Complaint, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD acted intentionally, recklessly and with a conscious disregard of the known rights of plaintiff, and did so in a fraudulent and oppressive manner, all of which warrants the imposition of punitive damages under the guidelines set forth in Civil Code section 3294 in an amount sufficient to discourage SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD from engaging in similar conduct in the future.

**WHEREFORE**, plaintiffs DOMINIC INVESTMENTS, and ROSEVILLE FLOORING INC., pray for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. As to the second cause of action only, for attorneys' fees according to proof;
4. As to the second cause of action only, for an award of punitive or exemplary damages in an amount sufficient to punish SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and deter it from engaging in similar conduct in the future;

5. That plaintiff be awarded his costs and expenses of suit herein; and

6. For such other relief as the Court deems just and proper.

DATED: March 8, 2021

JOSEPH A. WEST

By: _____
Joseph A. West
Attorney for plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs DOMINIC INVESTMENTS, and ROSEVILLE FLOORING INC., hereby demand trial by jury of all issues raised by the Complaint that may be tried to a jury.

JOSEPH A. WEST

By: _____
Joseph A. West
Attorney for plaintiffs