UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DOMINIC INVESTMENTS; ROSEVILLE FLOORING, INC. | No. 2:22-CV-01450-JAM-KJN |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| SENTINEL INSURANCE COMPANY, LTD., | |
| Defendant. | |

The matter before the Court is Sentinel Insurance Company, Ltd.'s ("Defendant") motion to dismiss count two of the complaint filed by Dominic Investments and Roseville Flooring, Inc. ("Plaintiffs"). See Mot. to Dismiss ("Mot."), ECF No. 6; Compl., Exhibit 1 to Notice of Removal, ECF No. 1. Plaintiffs opposed the motion. See Opp'n, ECF No. 7. Defendant replied. See Reply, ECF No. 10.

For the reasons set forth below, this Court GRANTS Defendant's motion to dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 15, 2022.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs own and operate out of a commercial property in Chico, California. Compl. ¶ 2. Plaintiffs' property was insured for the risk of damage or loss to the property and the personal property therein under Defendant's insurance policy; the policy covered up to approximately $4.3 million in damage to the building and personal property. Id. ¶¶ 5-6. On November 18, 2018, Plaintiffs suffered damage to their property in the wake of the Camp Fire in the form of smoke, soot, and ash. Id. ¶ 9. Plaintiffs promptly submitted a claim to Defendant, gave Defendant access to the property, and provided Defendant with all requested information for Defendant's investigation. Id. ¶¶ 10-11. Plaintiffs allege that Defendant failed to conduct a complete investigation, falsified its reports about the extent of the damage, and interpreted the insurance policy in such a way as to limit the amount payable to Plaintiffs. Id. ¶ 12. Plaintiffs also allege that Defendant unreasonably delayed paying Plaintiffs and continues to refuse to pay the full sum of money owed to them. Id. ¶ 13. Defendant contends that it has paid Plaintiffs over $300,000, but Plaintiffs seek more money for COVID-related protections even though COVID shutdowns began one year after the payments were made. Opp'n at 2.

On March 8, 2021, Plaintiffs filed the operative complaint in state court, alleging (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing by Defendant. See Compl. On August 16, 2022, the case was removed to this Court on diversity grounds under §§ 1441 and 1446. See Notice of Removal, ECF No. 1. Several weeks later, Defendant filed this

motion to dismiss.  See Mot.  Plaintiffs opposed the motion.  See Opp'n.  Defendant replied.  See Reply.

## II. OPINION

### A. Legal Standard

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the FAC as true and draw all reasonable inferences in favor of Plaintiff.  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The complaint must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

### B. Analysis

Defendant argues that Plaintiffs have failed to allege sufficient facts to support their claim that Defendant breached the implied covenant of good faith and fair dealing.  Mot. at 2-4.  Defendant states that Plaintiffs simply reiterate provisions from the Unfair Claims Practices Act, Insurance Code § 790.03, and the Department of Insurance's regulations concerning § 790.03, none of which create a private cause of action for Plaintiffs.  Id. at 5.  Also, Plaintiffs fail to establish why they are entitled to extra money due to COVID when their loss occurred in 2018.  Id. at 6.  Defendant further contends that, to the extent that Plaintiffs have alleged fraud, they have failed to do so with any particularity as required by FRCP 9(b).  Id.

Plaintiffs respond that the motion to dismiss should be denied because they are generally disfavored. Opp'n at 3. They cite state case law covering the breach of the implied covenant of good faith and fair dealing and contend that they have alleged sufficient facts to support this claim. Id. at 4. Plaintiffs wholly contest Defendant's characterization of Plaintiffs' case as concerning solely COVID-related expenses. Id.

The Court finds that Plaintiffs have failed to allege facts sufficient to maintain this claim against Defendant. The complaint must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 554. To establish a breach of the implied covenant of good faith and fair dealing for an insurance claim, a plaintiff must show that: (1) a defendant-insurer withheld benefits due under the policy; and (2) that the defendant-insurer withheld the benefits unreasonably or without proper cause. Mosley v. Pac. Specialty Ins. Co., 49 Cal. App. 5th 417, 435 (2020). The decision to withhold benefits must be a "conscious and deliberate act, which unfairly frustrates the agreed common purposes [of the insurance policy] and disappoints the reasonable expectations" of the plaintiff. Id. at 436. Plaintiffs have failed to allege sufficient facts to support either element. While Plaintiffs contend that Defendant's characterization of the benefits Plaintiffs are seeking is false, Plaintiffs have not set forth factual allegations demonstrating that the amount of money they received was inadequate or that reasonably expected benefits were withheld. Plaintiffs simply state the maximum amount payable under their insurance policy and

4

that their property generally suffered damage from the Camp Fire; Plaintiffs offer no evidence of the extent of the alleged damage, the language of the insurance policy, the amount paid to Plaintiffs, or when payments occurred. As for the second element, Plaintiffs' claims about Defendant's unreasonable and fraudulent conduct are factually bare, conclusory allegations that fail to raise Plaintiffs' right to relief above the speculative level; they have also not "stated with particularity the circumstances constituting" Defendant's alleged fraud as required by FRCP 9(b). Fed. R. Civ. P. 9(b). In the absence of the non-conclusory, factual allegations necessary to sustain this claim, the Court dismisses this claim without prejudice.

### III. ORDER

For the reasons set forth above, this Court GRANTS Defendant's Motion to Dismiss. However, because amendment is not futile, this Court grants Plaintiffs leave to amend. <u>Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

If Plaintiffs elect to amend their complaint, they shall file a First Amended Complaint within twenty days of this Order. Defendant's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: November 29, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE