LAW OFFICE OF JOSEPH WEST
Joseph West, California Bar No. 218847
6716 N. Cedar Ave., Suite 210
Fresno, CA 93710
Tel.: (310) 478-0890
Fax: (310) 478-5010
westjoseph@earthlink.net

ATTORNEYS FOR:
DOMINIC INVESTMENTS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dominic Investments, A California LLC, and Roseville Flooring Inc., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Sentinel Insurance Company, LTD, a Connecticut Corporation; The Hartford; and DOES 1 to 10,<br><br>Defendants. | Case No.: 2:22-cv-01450-JAM-KJN<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF:<br><br>1. BREACH OF CONTRACT; AND<br><br>2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, alleges:

1. Plaintiff DOMINIC INVESTMENTS, A California Limited Liability Company, ROSEVILLE FLOORING INC., A California Corporation ("plaintiff") are, and at all relevant times were, a doing business in the County of Butte and their primary place of business is the State of California.

1

FIRST AMENED COMPLAINT

2. At all relevant times, defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD ("Defendants" and "The Hartford"") were and currently are a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

3. Plaintiffs do not know the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue those defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiffs will amend this Complaint to state the true names and capacities of the fictitiously-named cross-defendants when those names are ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously-named defendants are legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action alleged herein.

4. Plaintiffs are informed and believe and thereon allege that each of the named and fictitious defendants identified in this Complaint was the agent, partner, co-joint venturer, associate and/or employee of one or more of the other defendants and was acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the causes of action occurred.

5. At all relevant times, plaintiffs were the owner of a commercial property located at 2525 Dominic Drive, Chico CA 95928 (the "subject property"). At all relevant times during 2018, the subject property was insured for the risk of damage or loss to the structure and personal property under commercial insurance policy number 83 SBA AA5368 (the "policy") issued by defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD and delivered to plaintiffs in Butte County. Payment of benefits under the terms of the contract was intended by the parties to be made to plaintiff in Butte County; therefore, because the location of the subject property and the place of performance of the contract is in Butte County, venue in this Court is proper.

6. Among other things, the policy provided replacement cost coverage up to a stated limit of $3,165,000 for all risks of direct physical loss to plaintiffs commercial building not specifically excluded or excepted under the terms of the policy, including physical loss or

damage caused by wildfire smoke, soot and ash. The policy also provided coverage for direct physical loss to plaintiff's personal property up to a stated limit of $1,100,000. The policy further provided coverage for loss of business income due to interruption caused by a stated loss up to a stated limit. None of the exclusions or limitations set forth in the policy apply to plaintiff's loss described herein.

7.  A complete copy of the policy, together with all declarations pages, forms and endorsements, is in the possession of defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD, as required by California law. Defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD are fully aware of all the terms and conditions of the above-referenced policy, and plaintiffs are therefore not required to attach a copy of the insurance policy to this Complaint.

### FIRST CAUSE OF ACTION

*(Breach of Contract Against SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD Only)*

8.  Plaintiffs refer to paragraphs 1 through 7, inclusive, of this Complaint and by such reference incorporate those paragraphs herein as though set forth in full.

9.  On or about November 8, 2018, while the policy was in force, plaintiffs suffered damage and loss to the subject property caused by a wildfire that swept through the area. Among other things, plaintiffs' commercial building and personal property contained therein, were inundated with smoke, soot and ash from the wildfire, which contained toxic and unsafe substances. Plaintiffs was forced to close the establishment it operated at the property temporarily.

10. Plaintiffs promptly notified defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD of their claims and otherwise complied with all claim reporting requirements set forth in the policy.

11. Defendants SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut

Corporation; THE HARTFORD assigned an adjuster to investigate the claim. Plaintiffs gave SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation; THE HARTFORD full access to the damaged building and the damaged personal property, provided all information requested by SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD during the investigation, and otherwise fully cooperated with SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and THE HARTFORD in its investigation.

12. Defendants failed to conduct a fair, thorough and complete investigation of plaintiffs' claim. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD failed to inspect the damaged building, ignored obvious evidence of smoke damage as well as other evidence submitted by plaintiffs in support of their claims, created false or misleading reports, and asserted incorrect interpretations of policy language to unreasonably justify and unfairly limit the amounts payable on the claims.

13. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD has acknowledged coverage of the claim under the terms of the policy; but the company unreasonably delayed paying and still refuses to pay the full sum of money owed to plaintiffs even though SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD knew such benefits were immediately payable under the terms of its policy.

14. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD breached the terms of its policy by failing and refusing to pay, or unreasonably delaying payment of, contract benefits owed to plaintiffs for the covered losses that occurred on and after November 8, 2018. In addition to unpaid contract benefits described above, plaintiffs have incurred consequential damages in an amount currently unknown. The exact amounts of unpaid contract benefits and consequential damages will be proven at time of trial. Plaintiffs also seek prejudgment interest on the total amount of contract benefits found due and owing from the date of loss through the date judgment is entered in this case.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and THE HARTFORD Only)

15. Plaintiffs refers to paragraphs 1 through 14, inclusive, of this Complaint and by such reference incorporate those paragraphs herein as though set forth in full.

16. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD owed plaintiffs a duty of good faith and fair dealing with respect to all transactions and relationships arising under or related to its policies.

17. In handling the adjustment of plaintiffs' claims as described above, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives elevated the interests of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD above those of plaintiffs and subordinated plaintiffs' interests to those of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD, engaging in unprofessional, wrongful, abusive, fraudulent, unreasonable and tortious conduct with respect to plaintiffs and their claims.

18. Defendants hired an independent adjuster J.S. Held to inspect the property and estimate the damages. In or about March 2019 J.S. Held issued a written report expressing the opinion that smoke damage to the structure, which is approximately 80,000 square feet, could be repaired for approximately $204,000 mostly by cleaning. That is the amount paid by defendants for restoration. That estimate was woefully inadequate, and Defendants knew it was inadequate. An additional $104,473.70 was paid in or about March 2019 for smoke damaged product stored by plaintiffs at the premises under the contents or personal property

FIRST AMENED COMPLAINT

portion of the claim. This was also woefully inadequate as significant business at the location was a carpet store in and warehouse.

19. Defendants were presented with a summary of the building damages that were missing from the J.S. Held estimate. The contactor estimates provided to Defendants identified items missing from the J.S. Held scope. The Plaintiffs contractor identified approximately an additional $500,000 in damages based on the scope provided by J.S. held. Less than half of that $500,000 was for additional costs for construction due to Covid Safety Requirements for construction restoration based on an industry wide white paper written by J.S. held. Defendants' adjuster did not include any estimate for removal and replacement of insulation and roofing caused by the infiltration of dangerous particulates from wildfire smoke soot and ash.

20. The missing or underpaid items that Plaintiffs identified and presented to Defendants included cleaning, demolition, drywall repair, hazardous material remediation, labor, painting, scaffolding, water extraction and remediation and temporary repairs in addition to the added costs they would incur for construction due to Covid Safety Requirements. The amount of money received by Plaintiffs for repairs to this 80,000 square foot property was a little over $200,000. This is an amount that would normally only be sufficient to repair and remediate a single-family home. It is far below the actual cost to restore a commercial property of this size. It was also over $500,000 less than Plaintiff's initial limited estimate. Plaintiffs repair estimates expressly reserved the right to amend the scope depending on the results of any tests or recommendation made by any qualified experts.

21. Defendants never conducted any testing of any kind and never hired any contractors qualified to determine the presence of damaging or harmful particulate matter that needed to be remediated in order to restore the condition of the property. Nor did defendants

consider the results of any such testing in order to properly determine the extent and scope of the damages suffered by their insureds in this incident.

22. Defendants regularly hire Industrial Hygienists to assess the presence of harmful particulates and to recommend the extent and scope of repairs in order to fully remediate and remove such harmful and damaging material from the premises. However, defendants intentionally failed to do so in this case. Defendants were aware that dangerous and harmful particulates regularly emit from wildfires and cause damage to paint and insulation on and in walls and roofs in the Zone of impact from the Camp Fire, and they had a duty to their insured to fully and fairly investigate the claims and damages and to determine the full extent and scope of the damages. Defendant failed and refused to do so in this claim.

23. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD breached the implied covenant of good faith and fair dealing by, among other things as indicated herein:

a) Failing to properly, fairly and fully investigate plaintiffs' claims;

b) Failing to evaluate plaintiffs' claims objectively;

c) Using unduly restrictive and unreasonable interpretations of the policy as an excuse for denying payment of benefits to plaintiffs;

d) using improper standards to adjust plaintiffs' claims;

e) not attempting in good faith to effectuate a prompt, fair and equitable settlement of plaintiffs' claims;

f) failing to advise plaintiffs of all benefits, coverages, time limits and other provisions that might apply to plaintiffs' claims under the policy, as required by Title 10 of the California Code of Regulations Chapter 5 section 2695.4 subd.(a).

g) compelling plaintiffs to institute litigation to recover amounts due under the

policy.

h) Deliberately denying benefits the company knew were owed under the policy in conscious disregard of plaintiffs' known rights and established California case law.

i) Failing to respond in writing to proofs of claim submitted by plaintiff in the manner and within the time period required by the California Fair Claims Settlement Practices Regulations (10 Cal. Code Regs. sections 2695.1 *et seq.*).

j) Refusing to properly inspect evidence made available by plaintiffs that showed the full extent of fire damage to plaintiffs real and personal property; and

k) Committing promissory fraud by issuing a policy that promised benefits SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD never intended to provide to plaintiffs.

24. As a proximate result of the wrongful and tortious conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives, plaintiffs have suffered legally compensable damages in amounts to be shown at time of trial, including loss of contract benefits, interest thereon, consequential damages and emotional distress caused by the improper handling and nonpayment (or delay in payment) of their claims.

25. As a direct and proximate result of the conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and their representatives, plaintiffs have been required to engage the services of legal counsel and thereby have incurred, and will continue to incur, costs and attorneys' fees in an amount to be determined according to proof. Plaintiffs claim these attorneys' fees as a distinct item of damage pursuant to *Brandt v. Superior Court*, 37 Cal.App.3d 813 (1985), and *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780 (2004).

26. The conduct of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD described above was part of a long-

established pattern and practice of the company designed to force claimants to accept less benefits than they would otherwise be entitled to receive under the terms of their policies and to unfairly minimize the financial exposure and risk of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD. Plaintiffs are informed and believe and thereon allege that, prior to their loss, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD instituted various internal programs, which were designed to increase profitability by unfairly minimizing the amounts paid to claimants, lowering the combined loss ratio, and turning the claims department into a company profit center. Plaintiffs are further informed and believes and thereon alleges that SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD instituted various corporate programs and policies, which rewarded claims department personnel (directly and indirectly) with pay raises and promotions if they found ways to minimize or eliminate legitimate payments of benefits owed to claimants. By linking the career success and income of claims department personnel to the results achieved in adjusting individual claims, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD actively and knowingly encouraged its claims department personnel to engage in fraud, unfair conduct and abuse of legitimate claimants such as plaintiffs'.

27. Plaintiffs are further informed and believes and thereon alleges that SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD adopted a practice of denying (or delaying payment of) legitimate claims -- such as the subject claims of plaintiffs -- and to support such denials by attempting to create phony "genuine issues" regarding coverage and contract liability. SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD encouraged its consultants and independent adjusters to submit written reports regarding their investigations that were false and misleading with respect to the cause and/or scope of loss and/or the cost of repairing covered damage to claimants' properties. Such conduct by SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its consultants and

1 | independent adjusters violates California Penal Code section 550 as well as other California
2 | statutes and regulations.

3 |     28.    The acts and omissions of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and its representatives described above were part of the established corporate practices and procedures of SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and were directed, approved or ratified by the management of the company.

    29.    In doing the acts described in this Complaint, SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD acted intentionally, recklessly and with a conscious disregard of the known rights of plaintiff, and did so in a fraudulent and oppressive manner, all of which warrants the imposition of punitive damages under the guidelines set forth in Civil Code section 3294 in an amount sufficient to discourage SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD from engaging in similar conduct in the future.

**WHEREFORE**, plaintiffs DOMINIC INVESTMENTS, and ROSEVILLE FLOORING INC., pray for judgment as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. As to the second cause of action only, for attorneys' fees according to proof;
4. As to the second cause of action only, for an award of punitive or exemplary damages in an amount sufficient to punish SENTINEL INSURANCE COMPANY, LIMITED, a Connecticut Corporation and/or THE HARTFORD and deter it from engaging in similar conduct in the future;
5. That plaintiff be awarded his costs and expenses of suit herein; and
6. For such other relief as the Court deems just and proper.

DATED:  December 16, 2022

JOSEPH A. WEST

By: _____
Joseph A. West
Attorney for plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs DOMINIC INVESTMENTS, and ROSEVILLE FLOORING INC., hereby demand trial by jury of all issues raised by the Complaint that may be tried to a jury.

JOSEPH A. WEST

By: _____
Joseph A. West
Attorney for plaintiffs

## PROOF OF SERVICE
### [CCP § 1012]
### STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is **6716 N. Cedar Ave., Suite 210 Fresno CA 93710**.

On the date below, the foregoing documents described as: **PLAINTIFFS' FIRST AMENDED COMPLAINT IN RE USDC CASE NO. 2:22-CV-01450-JAM-KJN;** was served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Andrew B. Downs Esq.
> BULLIVANT HOUSER BAILY PC
> 101 Montgomery Street, Suite 2600
> San Francisco, CA 94104

X____ **BY MAIL**

    X____ I deposited such envelope in the mail at Fresno, California. The envelope was mailed with postage thereon fully prepaid.

    X____ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California in the ordinary course of business.

____ **BY PERSONAL DELIVERY**

    ____ I caused to be delivered such envelope by hand to:

**Executed December 16, 2022 at Fresno, California.**

X____ **STATE**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X____ **FEDERAL**     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____